# IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**FILED**

**December 4, 2025**

ASHLEY N. DEEM, CHIEF DEPUTY CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**JAMES B.,**
**Petitioner Below, Petitioner**

**v.) No. 25-ICA-235**    (Fam. Ct. Kanawha Cnty. Case No. FC-20-2017-D-616)

**KRISTIN R.,**
**Respondent Below, Respondent**

## MEMORANDUM DECISION

Petitioner James B. ("Father")[1] appeals the Family Court of Kanawha County's May 15, 2025, order denying, in part, his motion for reconsideration of the court's March 12, 2025, final order of contempt. Respondent Kristin R. ("Mother") responded in support of the family court's decision.[2] Father filed a reply.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2024). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the family court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

By way of background, the parties were never married but share one child, born in 2014. The parties have operated under the same mediated parenting plan since July 2017, in which Mother is the child's designated legal custodian during odd years and Father during even years.

Events leading to this appeal began on December 5, 2024, when Father filed a petition for contempt against Mother, alleging that Mother violated their 2017 parenting plan in numerous ways, including taking the child to a church other than an Episcopal or Catholic church because the parties' agreement specified that the child would attend only Episcopal or Catholic churches. Based upon the allegations set forth in Father's petition for contempt, the family court issued a rule to show cause on December 19, 2024.

---

[1] To protect the confidentiality of the juvenile involved in this case, we refer to the parties' last name by the first initial. *See, e.g.*, W. Va. R. App. P. 40(e); *State v. Edward Charles L.*, 183 W. Va. 641, 645 n.1, 398 S.E.2d 123, 127 n.1 (1990).

[2] Father is self-represented. Mother is represented by Tim C. Carrico, Esq.

1

Mother filed a petition for contempt and modification of the parenting plan on March 3, 2025, alleging that Father withheld the child from her on New Year's Day of 2025, and requesting that the parenting plan be modified to allow the child to attend a church of a different denomination, as she had expressed a firm and reasonable preference to do so. Mother also requested that the parties be ordered to communicate only through AppClose.[3] The family court issued a rule to show cause in response to Mother's petition for contempt on March 11, 2025.

The family court held a hearing on Father's petition for contempt and Mother's petition for modification on March 6, 2025, as the issues were intertwined. The court found that Mother acted in contempt by taking the child to a church upon which the parties had not agreed, but that she did not act willfully or contumaciously and held any potential sanction in abeyance. The court further held that it would hear Mother's petition to modify the parties' parenting plan regarding religion when the child turned twelve. Additionally, the court granted Mother's request that the parties be required to communicate through AppClose. Counsel for Mother submitted the proposed final order and Rule 22(b) notice[4] to the court on March 10, 2025. The final order was entered on March 12, 2025.

On March 17, 2025, Father filed objections to the proposed final order, alleging that: (1) he received the Rule 22(b) notice on March 14, 2025, two days after the final order was entered; (2) the final order should state that the child must reach the age of "theological maturity"; and (3) the final order unlawfully included language about Mother's petitions for contempt and modification even though Father was not served copies of either petition until March 15, 2025, nine days after the final hearing, depriving Father of the full twenty days to respond.[5]

---

[3] AppClose is a co-parenting cellular phone app which provides secure, unalterable communication between parties to communicate about their child(ren).

[4] Rule 22(b) of the Rules of Practice and Procedure for Family Court states:

An attorney assigned to prepare an order or proposed findings shall deliver the order or findings to the court no later than ten days after the conclusion of the hearing giving rise to the order or findings. Within the same time period the attorney shall send all parties copies of the draft order or findings together with a notice which informs the recipients to send written objections within five days to the court and all parties. If no objections are received, the court shall enter the order and findings no later than three days following the conclusion of the objection period. If objections are received, the court shall enter an order and findings no later than ten days after the receipt of the objections.

[5] Father's objections addressed additional issues not relevant to this appeal.

On March 21, 2025, Father filed a motion for reconsideration of the March 12, 2025, order, seeking mostly the same relief as noted in his written objections. The family court held a hearing on Father's motion for reconsideration on April 24, 2025. The family court entered a final order on May 15, 2025, granting Father's motion, in part. The court found that the March 12, 2025, order *was* entered before the passing of five days and that Father's objections would be considered. After considering Father's objections, the court made the following rulings: (1) the word "theological" would be added to the final order to reflect that the child must be of "theological maturity" to decide where she will attend church; (2) during the March 6, 2025, hearing, Father failed to raise the issue that he did not receive Mother's answer until March 15, 2025; and (3) the parties would continue to communicate through AppClose. The family court also found that neither party was unfairly prejudiced by testimony from the hearing or the wording recited in the final order regarding Mother's petition for modification because the allegations were similar to those contained in Father's petition. It is from the May 15, 2025, order that Father now appeals.

For these matters, we use the following standard of review:

> When a final order of a family court is appealed to the Intermediate Court of Appeals of West Virginia, the Intermediate Court of Appeals shall review the findings of fact made by the family court for clear error, and the family court's application of law to the facts for an abuse of discretion. The Intermediate Court of Appeals shall review questions of law de novo.

Syl. Pt. 2, *Christopher P. v. Amanda C.*, 250 W. Va. 53, 902 S.E.2d 185 (2024); *accord* W. Va. Code § 51-2A-14(c) (2005) (specifying standards for appellate court review of family court orders).

On appeal, Father argues that the family court abused its discretion when it granted Mother's request for the parties to communicate through AppClose.[6] We disagree. West Virginia Code § 48-9-402(b)(2) states that "the court may modify any provision of the parenting plan without the showing of the changed circumstances" if the modification is in the child's best interests, and the modification "constitutes a minor modification in the plan." Additionally, West Virginia Code § 51-2A-2a(a)(2) (2015) gives the family court discretion to "restrict contact between the parties" and states "[a]ny standing order may restrict the parties from [. . .] [c]ontacting the other, in person, in writing, electronically or by telephone." Because the family court has the discretion to restrict contact altogether, we

---

[6] Specifically, Father asserts that the court granted a major modification of the parties' parenting plan without first determining whether there had been a substantial change in circumstances or whether such modification was in the child's best interest which violated West Virginia Code § 48-9-401 (2022) and § 48-9-402 (2022).

conclude that the family court acted within its discretion in ordering the parties to communicate through AppClose, as it was a minor modification.

Second, Father argues that the family court violated Rules 50, 21(b), 21(c), and 22(b) of the Rules of Practice and Procedure for Family Court, as well as Rule 12(a) and Rule 52 of the West Virginia Rules of Civil Procedure. Regarding these arguments, Father failed to show how he suffered prejudice. The record reflects that even though, initially, the family court did not wait the full five days to enter its order, the court *did* consider Father's objections and granted him a hearing on his motion for reconsideration. *See William M. v. W. Va. Bureau of Child Support Enf't*, No. 20-0620, 2021 WL 3833867, at *3 (W. Va. Aug. 27, 2021) (memorandum decision) (finding alleged error by family court harmless where petitioners failed to show that they suffered prejudice or had their substantial rights adversely affected by alleged error). Here, Father failed to show how he suffered prejudice. Thus, we find that Father's arguments concerning the above-cited rules do not warrant relief.

Accordingly, we affirm the family court's May 15, 2025, order.

Affirmed.

**ISSUED:** December 4, 2025

**CONCURRED IN BY:**

Chief Judge Charles O. Lorensen
Judge S. Ryan White

Judge Daniel W. Greear, not participating

4